LEONARD F. ALCANTARA, ESQ.
Arizona State Bar No.: 20337
JAMES W. ALCANTARA, ESQ.
California State Bar No.: 152747
ALCANTARA & ASSOCIATES, APC
525 N. Miller Road, #126
Scottsdale, Arizona 85257
Telephone:    (480) 712-8881
Facsimile:    (480) 535-5553
Email:        jim@alcantaraassociates.com

Attorneys for Petitioner LARRY GUILLEN as Owner of a 2005 36- foot SKATER vessel "CALLETE" for Exoneration from or Limitation of Liability

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT of LARRY GUILLEN, as Owner of a 2005 36- foot SKATER vessel "CALLETE" for Exoneration from or Limitation of Liability,<br><br>Petitioners. | CASE NO.<br><br>COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY |

COMES NOW, LARRY GUILLEN (hereinafter "Petitioner") by his attorneys of record, as and for his Complaint seeking Exoneration from or Limitation of Liability allege upon information and belief as follows:

1. This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501 *et seq,* involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, as hereinafter more fully appears.

2. The Court has admiralty and maritime jurisdiction over this proceeding pursuant to Article III, Section 2 of the Constitution of the United States and 28 U.S.C. § 1333, because the

1  marine incident involved a vessel operating on the navigable waters of the United States, Lake
2  Havasu, Arizona.

3       3.     Petitioner, at all pertinent times was the owner of a 2005 36-foot SKATER vessel
4  "CALLETE" (hereinafter, "Vessel").

5       4.     On June 20, 2017, the vessel was operating on the navigable waters of the United
6  States, Lake Havasu, when a personal watercraft crossed the path of the Vessel, causing the vessel
7  to overturn and causing injury to guests in the vessel.

8       5.     On or about January 18, 2018, Raphael & Associates, the third party administrator
9  for marine insurer State National Insurance Company received written notice of a potential claim
10 from counsel for Brad Stewart with the nature of the alleged claim having an amount that may
11 exceed the value of Petitioner's interest in the Vessel on the date of the incident.

12      6.     Petitioner anticipates that all claims asserted against them will exceed the amount of
13 his interest in the Vessels on the date of the incident.

14      7.     Any claims for loss, damage, injury and/or wrongful death arising from the marine
15 incident alleged were not due to any fault, neglect, or want of care on the part of Petitioner.

16      8.     If any fault caused or contributed to the claims for loss, damage, injury, and/or
17 wrongful death arising from the marine incident, which is denied, such fault, neglect or want of
18 care was occasioned and occurred without Petitioner's privity or knowledge.

19      9.     The value of the Vessel after the incident is $35,000.00 (Exhibit "A").

20      10.    Petitioner offers an Ad Interim Stipulation for Value in the amount of $35,000.00,
21 said about being not less than the Petitioner's interest in the post-incident value of the Vessel on
22 the date of the incident, for payment into Court whenever the same shall be ordered, as provided
23 for by the aforesaid statute, and by Rule F of the Supplemental Rules for Admiralty or Maritime
24 Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and by the rules and
25 practices of this Court. (Exhibit "B", *Ad Interim* Stipulation for Value).

26      11.    Venue in this district is proper because the Vessel is currently located in this
27 District.

28 ///

COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

12. Petitioner commences this proceeding within six months of receipt of written notice of claim.

13. Petitioner is entitled to Exoneration from Liability for any claims arising from the aforementioned Vessel collision, and from any and all claims that have been or may hereafter be made, and Petitioner alleges that he has valid defenses thereto on the facts and law.

14. Petitioner claims, in the alternative, the benefit of Limitation of Liability to the post-incident value of the Vessels provided by 46 USC §30501, et seq., and the statutes supplementary thereto and amendatory thereof.

WHEREFORE, Petitioner LARRY GUILLEN prays as follows:

(1) That this Court issue an Order to include the following:

    a. Directing the issuance of Notice to all persons asserting claims with respect to the June 20, 2017 marine incident, which this Complaint seeks Exoneration from or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve undersigned counsel for Petitioners a copy thereof on or before a date to be named in the Notice.

    b. Directing Petitioner to file an *Ad Interim* Stipulation for Value as security for the benefit of any and all claimants, in the amount of Petitioner's interest in the post-incident value of the Vessel as of the date of the marine incident, with interest at the rate of 6% *per annum* from the date of said security or whenever the Court shall so order.

    c. Directing that upon Petitioner's filing of the *Ad Interim* Stipulation for Value, an injunction shall issue enjoining the prosecution against Petitioners, its representatives, insurers, and the Vessel, of any and all claims, suits, actions, or proceedings, whether or not already begun, with respect to the marine incident, except in this proceeding (Restraining Order).

(2) That this Honorable Court adjudges that Petitioner is not liable for any claims for loss, damage, and/or injury arising out of the June 20, 2017, marine incident, and is therefore entitled to exoneration from liability.

COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

(3) If Petitioner is adjudged liable, that such liability be limited to the Petitioner's interest in the post-casualty value of the Vessel in the maximum amount of $35,000.00, and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided *pro rata* according to the above-mentioned statutes among such claimant(s) as may duly prove their claim saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

(4) That Petitioner may have such other and further relief as justice may require.

Dated: July 13, 2018                     ALCANTARA & ASSOCIATES, APC

                                                       s/ Leonard F. Alcantara
                                                       Attorneys for Petitioner
                                                       LARRY GUILLEN

COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY