**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

**In Admiralty**

| | |
|---|---|
| In the Matter of the Complaint of Larry Guillen, as Owner of a 2005 36-foot Skater Vessel "Callette," for Exoneration from or Limitation of Liability, Petitioner. | No. CV-18-08156-PCT-JJT **ORDER** |

At issue is Plaintiff in Limitation Larry Guillen's Motion for Consideration and Signature of Order (Doc. 6).[1]

On July 13, 2018, Petitioner Larry Guillen filed a Complaint (Doc. 1, Compl.) in this action as owner of a 2005 36-foot SKATER vessel "CALLETE" ("Vessel") for exoneration from or limitation of liability, pursuant to 46 U.S.C. § 30501 *et seq.* and Rule F of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Rule F"), concerning any claims and/or losses arising or resulting from a certain boating incident that occurred on the navigable waters of the United States on June 20, 2017, on Lake Havasu, Arizona, as more fully described in the Complaint.

The Complaint states that the value of Petitioner's interest in the Vessel did not exceed $35,000 after the alleged incident.

---

[1] The Court's Electronic Case Filing Administrative Policies and Procedures Manual § II(G)(1)(a) requires that a WordPerfect or MS Word version of any proposed Order "be sent to the court in a separate, non-ECF generated e-mail message addressed to the appropriate chambers." The Court did not receive such a version from Petitioner.

Petitioner has filed with the Court an *Ad Interim* Stipulation for Value (Compl. Ex. B) as security for any and all claims arising from the incident, in the amount of Petitioner's interest in the Vessel, $35,000, plus interest at six percent per annum from the date of this Order, executed by marine insurer State National Insurance Company, Inc.

IT IS ORDERED granting Petitioner's Motion for Consideration and Signature of Order (Doc. 6).

IT IS FURTHER ORDERED approving the above-described *Ad Interim* Stipulation for Value, with interest as described, filed by Petitioner for the benefit of any and all claimants as security for Petitioner's interest in the Vessel.

IT IS FURTHER ORDERED that, under Rule F(7), the Court shall order appraisement of the value of Petitioner's interest in the Vessel only upon motion and good cause shown by any claimant. The Court will thereupon order the security increased or reduced if it finds the amount specified above insufficient or excessive.

IT IS FURTHER ORDERED that any claimant may express its dissatisfaction with $35,000 as security only upon good cause shown and by written notice filed with the Court and served upon all parties of record. Petitioner shall within thirty days of the entry of an Order concerning the security, cause the security to be deposited in the form provided in Rule F(1). Upon Petitioner's failure to comply, the injunction entered in the Order will be vacated as to all claimants and the Court will enter such further Orders as justice requires.

IT IS FURTHER ORDERED directing the Clerk of Court to issue a Notice, in the form of the Notice attached to this Order, to all persons asserting claims or suits with respect to which the Complaint seeks exoneration from or limitation of liability, admonishing them to file their respective claims with this Court, in writing, and to serve on Petitioner's attorney a copy thereof, on or before November 9, 2018, or be defaulted. If any claimant desires to contest Petitioner's right to exoneration from or limitation of liability, such claimant shall file with the Court and serve on Petitioner's attorney an

| | |
|---|---|
| 1 | Answer to the Complaint, as required by Rule F(5), on or before November 9, 2018, |
| 2 | unless the claim has included an Answer to the Complaint, or be defaulted. Petitioner's |
| 3 | attorney is Leonard F. Alcantara, Alcantara & Associates, APC, 525 N. Miller Road, |
| 4 | #126, Scottsdale, Arizona 85257. |
| 5 | IT IS FURTHER ORDERED that Petitioner shall cause to be published the |
| 6 | aforesaid Notice in the Mohave Daily News, a newspaper of general circulation in |
| 7 | Mohave County, Arizona, once a week for four consecutive weeks before the date fixed |
| 8 | above for claimants' filing of claims. Under Rule F(4), Petitioner shall mail a copy of the |
| 9 | Notice to every person known to have any claim against the Vessel or Petitioner arising |
| 10 | from the incident alleged in the Complaint. |
| 11 | IT IS FURTHER ORDERED restraining, staying and enjoining the further |
| 12 | prosecution of any and all actions, suits and proceedings already commenced; the |
| 13 | commencement or prosecution of any and all actions, suits, or proceedings of any nature |
| 14 | and description whatsoever in any court of any jurisdiction, or otherwise, against |
| 15 | Petitioner, his insurers, and/or the Vessel; and the taking of any steps or the making of |
| 16 | any motion in such actions, suits or proceedings except in this action to recover damages |
| 17 | for or in respect to the aforesaid incident alleged in the Complaint; until the hearing and |
| 18 | determination of this action. All warrants of arrest of the Vessel and/or attachment issued |
| 19 | or sought in such other actions, suits or proceedings are hereby dissolved, and further |
| 20 | warrants of arrest of the Vessel and/or attachment are hereby prohibited. |
| 21 | IT IS FURTHER ORDERED that service of this Order as a Restraining Order |
| 22 | may be made through the Post Office by mailing a conformed copy hereof to the person |
| 23 | or persons to be restrained or to their respective attorneys. |
| 24 | Dated this 6th day of September, 2018. |

Honorable John J. Tuchi
United States District Judge

# ATTACHMENT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

**In Admiralty**

| | |
|---|---|
| In the Matter of the Complaint of Larry Guillen, as Owner of a 2005 36-foot Skater Vessel "Callette," for Exoneration from or Limitation of Liability,<br><br>Petitioner. | No. CV-18-08156-PCT-JJT<br>**NOTICE TO CLAIMANTS**<br>46 U.S.C. § 30501 *et seq.* and Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty or Maritime Claims, Rule F |

<u>NOTICE TO CLAIMANTS</u>

**PLEASE TAKE NOTICE** THAT PETITIONER LARRY GUILLEN, as owner of a 2005 36-foot SKATER vessel "CALLETE" ("Vessel") has filed a Complaint claiming the right to exoneration from or limitation of liability, pursuant to 46 U.S.C. § 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Rule F"), for any and all claims and/or losses arising or resulting from a certain boating incident that occurred on June 20, 2017, on the navigable waters of the United States, specifically on Lake Havasu, in the County of Mohave, in the State of Arizona, as more fully described in the Complaint; and

**PLEASE TAKE FURTHER NOTICE** that all persons, firms, entities, or corporations, having any claim or suit against Petitioner arising or resulting from the incident, must file a claim as provided in Rule F with the Clerk of the Court, Sandra Day

O'Connor United States Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003, and must deliver or mail a copy of the claim to Petitioner's attorney, Leonard F. Alcantara, Alcantara & Associates, APC, 525 N. Miller Road, #126, Scottsdale, Arizona 85257, on or before **November 9, 2018**, or be defaulted. Personal attendance is not required. Furthermore, any claimant desiring to contest Petitioner's right to exoneration from or limitation of liability shall file with the Court and deliver to Petitioner's attorney an Answer to the Complaint, as required by Rule F(5), on or before **November 9, 2018**, unless the claim has included an Answer to the Complaint, or be defaulted.

Pursuant to the Court's Order and Rule F(3), the further prosecution of any and all suits, actions or other proceedings with respect to any claim subject to limitation in this action is hereby enjoined.