**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Guillen, | No. CV-18-08156-PCT-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Bradley Stewart, | |
| Claimant. | |

On January 23, 2019, the Court issued a Case Management Order, setting various deadlines, including a dispositive motions deadline of August 9, 2019. (Doc. 24.) That deadline lapsed without any dispositive motions filed.

On October 8, 2019, the Court ordered Petitioner to show cause why this case should not be dismissed for failure to prosecute and failure to follow the Court's order requiring Petitioner to file a notice of readiness for scheduling a Final Pretrial Conference. (Doc. 32.)

On October 24, 2019, the Court held a hearing on the order to show cause. (Doc. 37.) The Court granted a joint motion to extend deadlines (Doc. 36) and set new deadlines, including a March 13, 2020 deadline for good-faith settlement talks and an April 10, 2020 deadline for dispositive motions. (Doc. 37)

Once again, the deadlines have lapsed unheeded. The parties failed to file the joint report on settlement talks that was due no later than five working days after the deadline for good-faith settlement talks. (Doc. 24 ¶ 10.) And Petitioner again failed to file and

serve a notice of readiness for scheduling a Final Pretrial Conference within seven days after the dispositive motions deadline. (*Id.* ¶ 13.)

Petitioner was warned that failure to meet deadlines in the Court's Case Management Order without substantial justification "may result in sanctions, including dismissal of the action." (*Id.* ¶ 14.) And, as noted above, Petitioner has already been through one round of showing cause why this action should not be dismissed for failure to follow the Court's orders. (Docs. 32, 37.)

"District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260-61.

Petitioner will be afforded one last opportunity to show cause why this action should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to follow the Court's orders.

Accordingly,

**IT IS ORDERED** that Petitioner shall show cause why this action should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to follow the Court's orders by filing a memorandum, not to exceed five pages, by **May 5, 2020**.

///

///

///

///

**IT IS FURTHER ORDERED** that if Petitioner does not respond to the Court's order to show cause by May 5, 2020, the Clerk of Court shall terminate this action.

Dated this 28th day of April, 2020.

Dominic W. Lanza
United States District Judge